UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ANTHONY A. KUKLINSKI                                                           PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:14-cv-00843-CRS-DW

JACOB J. LEW,
United States Secretary of the Treasury                                       DEFENDANT

Memorandum Opinion

I.  Introduction

This matter is before the Court on the motion of Plaintiff Anthony A. Kuklinski for leave to amend his complaint, ECF No. 71. Kuklinski tendered a proposed amended complaint, ECF No. 71-1. Defendant Jacob J. Lew, the United States Secretary of the Treasury ("the Treasury"), responded, ECF No. 73. Kuklinski replied, ECF No. 79. For the reasons discussed below, the Court will grant Kuklinski's motion for leave to amend his complaint.

II.  Background

Kuklinski apparently is an Inspector with the United States Mint Police at the United States Bullion Depository in Fort Knox, Kentucky. Compl. ¶ 1, ECF No. 1. During the period of time relevant to the complaint, he supervised approximately 60 people, most of whom were subordinate officers. *Id*. ¶ 8. He claims that in 2008, a female subordinate officer told him that another officer had harassed her. *Id*. ¶¶ 12–16. Kuklinski says he counseled her that she could seek the assistance of an EEO counselor to remedy this workplace harassment. *Id*.

Kuklinski asserts that the Treasury took several adverse actions in response to his participation in the female officer's EEO complaint and in the ensuing investigation by the EEOC. *Id*. ¶¶ 16–36. The Treasury's actions allegedly included an investigation into Kuklinski's

1

conduct, suspension of his security clearance and access to classified information, and an involuntary reassignment to a new position. *Id.* ¶¶ 27–28, 31. Kuklinski contends that the Treasury's actions violated Title VII of the Civil Rights Act of 1962, 42 U.S.C. § 2000 *et seq*. (Count I). *Id.* ¶¶ 42–49. He also asserts that the Treasury sought to create working conditions so intolerable as to force his resignation (Count II). *Id.* ¶¶ 50–57.

In his memorandum of the parties' Rule 16 scheduling conference and order, Magistrate Judge Dave Whalin ordered the parties to file any motions for the joinder of parties or the amendment of pleadings by October 21, 2016. Order Nov. 16, 2015 at 2, ECF No. 52. Two months after this deadline had passed, in December of 2016, Kuklinski filed the present motion for leave to amend the complaint. Mot. Amd. Compl. 1, ECF No. 71.

III. Discussion

Kuklinski seeks to amend his complaint to add a claim for breach of a mediation agreement ("the breach of contract claim").[1] Mot. Amd. Compl. 3, ECF No. 71. Under the breach of contract claim, Kuklinski alleges that the Treasury agreed to participate in confidential mediation proceedings with him regarding this litigation and then breached that agreement by disclosing information obtained in the mediation with his superiors. Amd. Compl. ¶¶ 67–71, ECF No. 71-1. The Treasury opposes the Court's granting Kuklinski leave to amend his complaint. Resp. Opp. Mot. Amd. Compl. 1, ECF No. 73. The Treasury argues that the Court should deny Kuklinski leave to amend the complaint because the motion is untimely and because it is not permitted under Federal Rule of Civil Procedure 15. *Id.* at 1–15.

---

[1] Kuklinski originally sought to amend his complaint to add a claim for intentional infliction of emotional distress but then withdrew this claim in his Reply. Mot. Amd. Compl. 3, ECF No. 71; Reply 3, ECF No. 79.

2

A. Whether Leave to Amend the Compliant Should Be Granted Given the Motion's Untimeliness

The Treasury argues that Kuklinski's motion should be denied because it is untimely. Resp. Opp. Mot. Amd. Compl. 1–2, ECF No. 73. Kuklinski admits that his motion to amend was filed two months after the deadline for filing amended pleadings had passed. Reply 1, ECF No. 79. But he asserts that he attempted diligently to meet the discovery deadlines and thus should be granted leave to file his amended complaint, despite the motion's untimeliness. *Id*.

Because Kuklinski moved for leave to amend the complaint after the deadline for amending the pleadings had passed, the Court must determine whether he has shown good cause under Federal Rule of Civil Procedure 16(b) for his failure to timely seek to amend the complaint. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (explaining that when "the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)"). Good cause under Rule 16(b) is primarily measured by "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

Here, Kuklinski was diligent in attempting to meet the October 21, 2016 deadline for amending the pleadings. Emails sent between the parties show that they worked cooperatively to define and narrow the scope of litigation from April to September 2016. Ex. 1, ECF No. 79-1. On October 27, 2016, six days after the scheduling deadline for filing amended pleadings, the Treasury sent Kuklinski discs with electronic discovery. *See* Ex. 2, ECF No. 79-2. This exchange reasonably prevented him from meeting the prior scheduling order's requirements. Given Kuklinski's diligence in attempting to meet the scheduling deadline, the Court finds that he has

3

shown good cause for moving to amend the complaint after the time for amending the pleadings has passed and thus that he meets the requirements of Rule 16(b).

      B.      <u>Whether Federal Rule of Civil Procedure 15 Permits the Amendment to the Complaint</u>

Given that Kuklinski has shown good cause for failing to timely amend the complaint under Rule 16(b), the Court next turns to whether such an amendment is permitted under Federal Rule of Civil Procedure 15, which governs amendments to pleadings. Rule 15 "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept[s] the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Rule 15, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although the court should generally grant an amendment to a complaint, it should deny such a request when the amendment would cause "undue prejudice to the opposing party" or when the amendment would be futile. *Foman*, 371 U.S. at 182.

The Treasury first argues that the Court should deny Kuklinski's request to amend the complaint under Rule 15(a)(2) because that the proposed amended complaint would unduly prejudice it. Resp. Opp. Mot. Amd. Compl. 3–4, ECF No. 73. The Treasury explains that allowing Kuklinski to amend his complaint would delay the case by several months. *Id*. Kuklinski asserts in opposition that it is "premature to estimate the delay any amendment would cause" and that the Treasury would have sufficient time to respond to the proposed amendment to the complaint. Reply 3, ECF No. 79.

4

Undue prejudice in the context of Rule 15 means that there is at "least some significant showing of prejudice to the opponent" of the party attempting to amend the complaint. *Moore v. Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). One example of significant prejudice that justifies the district court's denying leave to amend a complaint is if the proposed amendment would involve new theories of recovery. *Cook v. Field Packing Co.*, No. 4:05CV-83-M, 2006 U.S. Dist. LEXIS 37364, at *7 (W.D. Ky. May 31, 2006) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). A defendant would also be significantly prejudiced if the proposed amendment required "significant additional discovery," *id.* (citing *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998)), or if the plaintiff sought to amend the complaint after the close of discovery and the filing of dispositive motions, *see Duggins v. Steak 'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999).

Here, the Court finds that the amendment to the complaint will not unduly prejudice the Treasury. Even if the amendment would delay the litigation by several months, the mere possibility of such delay does not give rise to undue prejudice. *See Cook*, 2006 U.S. Dist. LEXIS 37364, at *6 (explaining that "a delay in time without prejudice is not enough to deny a motion to amend").

The Treasury secondly argues that the Court should deny Kuklinski's request to amend the complaint under Rule 15(a)(2) because that the proposed breach of contract claim is futile. Resp. Opp. Mot. Amd. Compl. 4, ECF No. 73. A proposed amendment is futile if it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 55 U.S. 544, 570 (2007). A complaint states a plausible claim for

5

relief when the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court is not required to accept legal conclusions or "threadbare recitals of the elements of a cause of action." *Id*.

The Treasury explains that Kuklinski's proposed breach of contract claim is futile because Title VII of the Civil Rights Act of 1964 provides the exclusive remedy for discrimination claims filed against federal employers and the claim is not asserted under Title VII. Resp. Opp. Mot. Amd. Compl. 5–6, ECF No. 73. Kuklinski maintains in opposition that his breach of contract claim is not preempted by Title VII because the claim involves a wrong of a "highly personal nature." Reply 1, ECF No. 79.

In *Brown v. General Services Administration*, the Supreme Court held that Title VII provides "an exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. 820, 835 (1976). The *Brown* Court concluded that Congress intended to "create an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Id*. at 829. The Court thus dismissed the plaintiff's § 1981 claim. *Id*. at 835. Following Brown's holding, the United States Court of Appeals for the Sixth Circuit has repeatedly dismissed discrimination claims asserted against federal employers that are based upon other statutes. *See, e.g., Davis v. Runyon*, No. 96-4400, 1998 U.S. App. LEXIS 3065, at *14–16 (6th Cir. Feb. 23, 1998) (affirming the district court's dismissal of claims under the Ohio analog to Title VII and 42 U.S.C. § 1981 because Title VII provided the exclusive remedy for claims of discrimination by federal employees); *Forest v. United States Postal Serv.*, 97 F.3d 137, 141 (6th Cir. 1996).

Several courts have distinguished between claims of discrimination and other claims that, while arising out of the same facts and circumstances, seek to remedy injuries other than

workplace discrimination. For instance, in *Brock v. United States*, the United States Court of Appeals for the Ninth Circuit explained that under current circuit precedent, Title VII is "not the exclusive remedy for federal employees who suffer 'highly personal' wrongs, such as defamation, harassing phone calls, and physical abuse." 64 F.3d 1421, 1423 (9th Cir. 1995); *see also Ethnic Employees of the Library of Congress v. Boorstin*, 751 F.2d 1405, 1414–16 (D.C. Cir. 1985) (permitting federal employees to sue employers "for constitutional violations against which Title VII provides no protection at all"); *Owens v. United States*, 822 F.2d 408, 412 (3d Cir. 1987) (declining to dismiss plaintiff's state law claims, subject to the district court's ruling on defendant's immunity). *Cf. Pfau v. Reed*, No. 96-50916, 1997 U.S. App. LEXIS 36770, at *8–15 (5th Cir. Oct. 27, 1997), *aff'g* 167 F.3d 228 (dismissing federal employee's intentional infliction of emotional distress claims asserted under state law on grounds that Title VII preempts such claims).

The Sixth Circuit has not yet specifically addressed the issue of whether Title VII preempts claims that arise out of facts and circumstances that seek to address injuries other than workplace discrimination. In *Runyon*, however, the Sixth Circuit cited to the United States Court of Appeals for the Fifth Circuit's *Pfau* decision for the proposition that Title VII preemptions a claim against a federal employer for emotional distress. 1998 U.S. App. LEXIS 3065, at *15. The Sixth Circuit did not, however, indicate whether it would hold Title VII preempts a claim against a federal employer for other injuries.

A few district courts in the Sixth Circuit have addressed the issue. For example, in *Wallace v. Henderson*, the United States District Court for the Southern District of Ohio determined that Title VII did not preempt a claim for intentional infliction of emotional distress because the claim sought redress for a "highly personal injury," beyond discrimination or

7

retaliation. 138 F. Supp. 2d 980, 986 (S.D. Ohio). Similarly, in *Quillen v. U.S. Postal Service*, the United States District Court for the Eastern District of Michigan did not dismiss the plaintiff's claims for assault and battery "because it is not a cause of action for employment discrimination within the scope of section 717 of Title VII." 564 F. Supp. 314, 321 (E.D. Mich. 1983).

In this case, Kuklinski's proposed breach of contract claim attempts to redress injuries other than discrimination: the breach of contract claim attempts to redress the alleged breach of a confidentiality agreement in a mediation proceeding. Moreover, the claim does not rely on the same facts and circumstances as his retaliation claims that are asserted under Title VII. The alleged breach of the mediation agreement is said to have happened after the events giving rise to the retaliation claim. As such, Kuklinski's proposed breach of contract claim is not preempted by Title VII and the Treasury's Title VII futility argument fails.

The Treasury contends that Kuklinski's proposed breach of contract claim is also futile because the Court does not have jurisdiction to hear the claim under the Tucker Act, 28 U.S.C. § 1491, as interpreted by the United States Court of Appeals for the Federal Circuit in *Higbie v. United States*, 778 F.3d 990 (Fed. Cir. 2015). Resp. Opp. Mot. Amd. Compl. 12–14, ECF No. 73. Kuklinski maintains, however, there is jurisdiction under the Tucker Act and *Higbie*. Reply 4–5, ECF No. 79.

The Tucker Act provides that the United States Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). The Little Tucker Act provides that the United States District Courts may hear such monetary claims when they are under $10,000. 28 U.S.C. § 1346(a)(2). The Tucker Act does not create any substantive rights; it simply "operate[s] to waive sovereign immunity for claims premised on other sources of law."

8

*United States v. Navajo Nation*, 556 U.S. 287, 290 (2009). The other source of law triggers liability only if "can fairly be interpreted as mandating compensation by the Federal Government." *Id*. (citing *United States v. Testan*, 424 U.S. 392, 400 (1976)).

Contract law is an independent source of law that is compensable under the Tucker Act. *See id*. There is a presumption that damages are available to remedy a breach of a government contract. *Sanders v. United States*, 252 F.3d 1329, 1334 (Fed. Cir. 2001). But, if "relief for breach of contract could be entirely non-monetary," then a court may require a showing that the parties contemplated damages in the event of the contract's breach. *Higbie v. United States*, 778 F.3d 990, 993 (Fed. Cir. 2015) (citing *Holmes v. United States*, 657 F.3d 1303, 1309 (Fed. Cir. 2011)).

For example, in *Higbie*, the plaintiff alleged that the federal government breached a confidentiality provision in an alternative dispute resolution agreement. *Id*. at 991. The Court of Federal Claims dismissed the plaintiff's claims for lack of jurisdiction under the Tucker Act. *Id*. On appeal, the Federal Circuit Court of Appeals reviewed the terms of the alternative dispute resolution agreement. *Id*. at 994. The appellate court determined that the agreement provided a non-monetary remedy for the breach of the confidentiality provision. *Id*. The appellate court also held that the plaintiff failed to show that the parties had contemplated money damages in the event of a breach when they entered into the agreement. *Id*. The Federal Circuit Court of Appeals accordingly affirmed the Court of Federal Claims' dismissal of the plaintiff's breach of contract claim for lack of jurisdiction. *Id*. at 994–95.

Unlike in *Higbie*, in this case, the mediation agreement is not before the Court. The Court is unable to determine whether the confidentiality agreement provides a non-monetary remedy for its breach and thus finds that the agreement provides for the default remedy of damages in the

9

event of such a breach. At this time, the Court finds that it has jurisdiction over Kuklinski's proposed breach of contract claim under the Tucker Act and that the Treasury's Tucker Act futility argument also fails.

Because Kuklinski's proposed breach of contract claim is not futile and would not cause undue prejudice to the Treasury, the Court will permit Kuklinski to amend his complaint to include this claim.

IV. Conclusion

The Court will grant the Kuklinski's motion for leave to file the amended complaint. An order will be entered in accordance with this memorandum opinion.

January 24, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**